**HASBANI & LIGHT, P.C.**
Seth D. Weinberg, Esq.
*Counsel for Plaintiff*
450 Seventh Avenue, Suite 1408
New York, New York 10123
212-643-6677
sweinberg@hasbanilight.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WINDWARD BORA, LLC<br><br>        Plaintiff,<br><br>-against-<br><br>THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTERNATIVE LOAN TRUST 2007-5CB, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-5CB,<br><br>        Defendants. | **AMENDED COMPLAINT FOR A CIVIL CASE**<br><br>Case No. 19-cv-00858-FB-RML |

Windward Bora, LLC ("Plaintiff" or "Windward Bora"), by and through its attorneys Hasbani & Light, P.C., complains of The Bank of New York Mellon f/k/a The Bank of New York As Trustee For The Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-5CB, Mortgage Pass-Through Certificates, Series 2007-5CB (the "Defendant"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1. This is an action pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4) to discharge a Mortgage dated January 26, 2007 and recorded in the Office of the Richmond County Clerk on February 7, 2007 as Land Doc No. 177263 (the "Disputed

1

Mortgage") securing the repayment of a note dated the same date for the principal sum of $250,000.00 against real property known as 15 Von Braun Avenue, Staten Island, New York 10312 (Block: 5677 Lot: 64) (the "Subject Premises" or the "Property").

2. Defendant, The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2007-5CB, Mortgage Pass-Through Certificates, Series 2007-5CB ("Defendant") commenced an action under Richmond County Index No. 131070/2009 by filing a summons and complaint (the "Summons and Complaint") in the Richmond County Clerk's Office on November 21, 2008 seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage (the "Defendant's Foreclosure Action"). As a matter of law, the Disputed Mortgage was accelerated by the commencement of the Defendant's Foreclosure Action on November 21, 2008 (the "Acceleration").

3. Based on the filing of the Summons and Complaint in the Defendant's Foreclosure Action, the statute of limitations expired on November 21, 2014 (six (6) years from the Acceleration). As a result, the statute of limitations to foreclose on the Disputed Mortgage expired and the Disputed Mortgage must be discharged pursuant to RPAPL § 1501(4).

## PARTIES

4. Plaintiff is a limited liability company organized under the laws of the State of Pennsylvania. Plaintiff is a single-member limited liability company, whose sole member is a citizen of the Kingdom of Morocco. Plaintiff's sole member is lawfully admitted for nonpermanent residence in the United States and is residing in the State of Florida. For the purposes of diversity, Plaintiff is a citizen of Morocco.

5. Defendant is the current assignee of the Disputed Mortgage. The Bank of New York Mellon is a national bank headquartered in California.

## JURISDICTION AND VENUE

6. This action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00. Therefore, the jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

7. Venue is deemed proper in this District pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this Court and the Property is located in this District.

## GENERAL ALLEGATIONS

8. On January 26, 2007, Madeline Castiglione and Gerald Castiglione (the "Borrowers") executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Commerce Bank, N.A. which was recorded in the Office of the Richmond County Clerk on February 7, 2007 as Land Doc No. 177263 (the "Disputed Mortgage"). Attached hereto as **Exhibit A** is a true and correct copy of the Disputed Mortgage. The Disputed Mortgage secures the repayment of a note (the "Disputed Note") (the Disputed Note and the Disputed Mortgage shall collectively make up the "Disputed Loan") dated the same date for the principal sum of $250,000.00 against the real property known as 15 Von Braun Avenue, Staten Island, New York 10312 (Block: 5677 Lot: 64) (the "Subject Premises" or the "Property").

9. The Disputed Loan was deposited into the Alternative Loan Trust 2007-5CB, Mortgage Pass-Through Certificates, Series 2007-5CB (the "Trust") prior to the Trust's Closing Date of February 27, 2007 in compliance § 2.01 of the Pooling and Servicing Agreement (the "PSA"). The relevant pages of the Pooling and Servicing Agreement (the "PSA") are annexed

hereto as **Exhibit B**.[1] As such, the Disputed Note has been in the Defendant's possession since February 27, 2007, at the latest. *See id*.

10. A default notice dated July 17, 2008 (the "Default Notice") was mailed to the Borrowers in compliance with the terms of the Disputed Mortgage. A true and correct copy of the Default Notice is annexed hereto as **Exhibit C**.

11. To memorialize the physical transfer of the Disputed Loan in the public record, the Disputed Mortgage was assigned to The Bank of New York as Trustee for the Benefit of Alternative Loan Trust 2007-5CB, Mortgage Pass-Through Certificates, Series 2007-5CB by an assignment of mortgage dated November 18, 2008 and recorded on December 16, 2008 in the Office of the Richmond County Clerk as Land Doc No. 276574. Attached hereto as **Exhibit D** is a true and correct copy of this assignment of mortgage.

12. A corrective assignment was later executed on March 21, 2013 and recorded in the Office of the Richmond County Clerk as Land Doc No. 479452. Attached hereto as **Exhibit E** is a true and correct copy of this corrective assignment of mortgage.

13. On August 2, 2007, the Borrowers also executed a note (the "Windward Bora Note") in the amount of $45,000.00 in favor of National City Bank ("NCB"). A true and correct copy of Windward Bora Note is annexed hereto as **Exhibit F**. Windward Bora is currently in possession of the endorsed Windward Bora Note. *See* **Exhibit F**.

14. On that same date, the Borrower executed a Credit Line Mortgage in favor of National City Bank to secure the debt established by the Windward Bora Note against the Subject Premises (the "Windward Bora Mortgage"). A true and correct copy of the Windward Bora Mortgage is annexed hereto as **Exhibit G**. The Windward Bora Mortgage was recorded in the

---

[1] The complete PSA is available at https://www.sec.gov/Archives/edgar/data/1269518/000090514807002378/0000905148-07-002378.txt

4

Richmond County Clerk's Office on February 20, 2008 as Land Doc No. 241514. *See* **Exhibit G**.

15. The Borrowers defaulted under the terms of the Disputed Mortgage and Defendant accelerated the debt associated with the Disputed Mortgage by commencing an action under Richmond County Index No. 131070/2009 by filing a summons and complaint (the "Summons and Complaint") in the Richmond County Clerk's Office on November 21, 2008 seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage (the "Action"). A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit H**.

16. As pled in the Summons and Complaint, *see* **Exhibit H** ¶ 7, and established in the PSA, *see supra* ¶ 9 and **Exhibit B**, the Defendant was the owner and holder of the Disputed Note and Mortgage at the commencement of the Defendant's Foreclosure Action. Therefore, as a matter of law, the Disputed Mortgage was properly accelerated by the commencement of the Defendant's Foreclosure Action on November 21, 2008 (the "Acceleration").

17. The Court issued a dismissal order on June 20, 2016, the order was filed with the Richmond County Clerk on July 12, 2016 (the "Dismissal Order"). The Dismissal Order was served with notice of entry on September 2, 2016. A true and correct copy of the Dismissal Order is annexed hereto as **Exhibit I**. The Dismissal Order dismissed that action, vacated the judgment of foreclosure and sale dated June 3, 2015, relieved the appointed referee and cancelled and discharged the filed notices of pendency. *See* **Exhibit I**.

18. On October 3, 2018 the Defendant filed a motion (the "Motion to Vacate") seeking to restore the Action. The Court denied the Motion to Vacate by the order dated February 4, 2019 (the "Denial Order"). A copy of the Denial Order is annexed hereto as **Exhibit J**.

19. The statute of limitations to foreclose on the loan secured by the Disputed

Mortgage expired on November 21, 2014. See CPLR § 213(4). Accordingly, the Disputed Mortgage must be discharged of record because the statute of limitations expired on November 21, 2014.

20. On March 22, 2018, Plaintiff commenced an action to foreclose the Windward Bora Mortgage in the United States District Court for the Eastern District of New York under Case Number 18-cv-01766-LDH-ST (the "Windward Bora Foreclosure Action"). A copy of the Civil Docket from the Windward Bora Foreclosure Action is annexed hereto as **Exhibit K**.

21. On March 13, 2019, Windward Bora was granted a judgment in the Windward Bora Foreclosure Action in the amount of $87,081.00 (the "Judgment of Foreclosure and Sale"). A copy of the Judgment of Foreclosure and Sale is annexed hereto as **Exhibit L**.

22. Pursuant to the terms of the Judgment of Foreclosure and Sale, an auction of the Property was conducted on June 6, 2019, at which Windward Bora prevailed as the highest bidder. A copy of the Referee's Deed on Foreclosure is annexed hereto as **Exhibit M**.

23. The Property was conveyed to Windward Bora by the Referee's Deed in Foreclosure dated July 19, 2019. *See id.* The Referee's Deed in Foreclosure was recorded in Office of the Richmond County Clerk on August 29, 2009 under Land Doc Number 750117. *See id.*

## CAUSES OF ACTION

### DISCHARGE OF MORTGAGE

24. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth in foregoing Paragraphs of the Amended Complaint with the same force and effect as if more specifically set forth herein.

25. Pursuant to RPAPL § 1501(4):

Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien,

has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons, known or unknown, including one under disability as hereinafter specified, to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom; provided, however, that no such action shall be maintainable in any case where the mortgagee, holder of the vendor's lien, or the successor of either of them shall be in possession of the affected real property at the time of the commencement of the action. In any action brought under this section it shall be immaterial whether the debt upon which the mortgage or lien was based has, or has not, been paid; and also whether the mortgage in question was, or was not, given to secure a part of the purchase price.

26. An action to foreclose a mortgage is subject to a six-year statute of limitations. *See* CPLR § 213(4). Concerning mortgages payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due. Once a mortgage that is payable in installments is accelerated, the six-year statute of limitations begins to run on the entire mortgage debt. A foreclosure action is a point of acceleration of the note and mortgage.

27. Here, the Borrowers defaulted under the terms of the Disputed Mortgage. *See* **Exhibit H**. The Default Notice dated July 17, 2008 was mailed to the Borrowers in compliance with the terms of the Disputed Mortgage. *See* **Exhibit C**.

28. The Defendant accelerated the debt associated with the Disputed Mortgage by commencing an action under Richmond County Index No. 131070/2009 by the Summons and Complaint in the Richmond County Clerk's Office on November 21, 2008 seeking to foreclose the Subject Premises based upon a default under the terms of the Disputed Mortgage. *See* **Exhibit F**. As a matter of law, the Disputed Mortgage was accelerated by the commencement of the Action on November 21, 2008.

29. The Defendant was the owner and holder of the Disputed Note and Mortgage at the commencement of the Defendant's Foreclosure Action. Therefore, as a matter of law, the Disputed

Mortgage was properly accelerated by the commencement of the Defendant's Foreclosure Action on November 21, 2008. *See* **Exhibit H** ¶ 7 and **Exhibit B**.

30. The Court issued the Dismissal Order on June 20, 2016, which was filed with the Richmond County Clerk on July 12, 2016. *See* **Exhibit I**. The Dismissal Order dismissed that action, vacated the judgment of foreclosure and sale dated June 3, 2015, relieved the appointed referee and cancelled and discharged the filed notices of pendency. *See id*.

31. On October 3, 2018 the Defendant filed a filed the Motion to Vacate seeking to restore the Action. The Court issued the Denial Order denying the Motion to Vacate by the Denial Order dated February 4, 2019. *See* **Exhibit J**.

32. The statute of limitations to foreclose on the loan secured by the Disputed Mortgage expired on November 21, 2014. *See* CPLR § 213(4).

33. On March 22, 2018, Plaintiff commenced the Windward Bora Foreclosure Action an action to foreclose the Windward Bora Mortgage in the United States District Court for the Eastern District of New York under Case Number 18-cv-01766-LDH-ST. *See* **Exhibit K**.

34. On March 13, 2019, Windward Bora was granted a judgment in the Windward Bora Foreclosure Action in the amount of $87,081.00. *See* **Exhibit L**.

35. Pursuant to the terms of the Judgment of Foreclosure and Sale, an auction of the Property was conducted on June 6, 2019, at which Windward Bora prevailed as the highest bidder, *See* **Exhibit M**.

36. The Property was conveyed to Windward Bora by the Referee's Deed in Foreclosure dated July 19, 2019. *See id.* The Referee's Deed in Foreclosure was recorded in Office of the Richmond County Clerk on August 29, 2009 under Land Doc Number 750117. *See id.*

37. Accordingly, the Disputed Mortgage must be discharged of record because the statute of limitations expired on November 21, 2014.

38. That any estate or interest that Defendant ever had or claim to have had in the Subject Premises or in any part thereof in the Disputed Mortgage and Note are now null and void and of no force and effect as against the estate and interest of Plaintiff in the Subject Premises.

39. That none of the defendants are not infants or under any other disability.

40. That the Judgment in this action will not affect the person not being or ascertained at the commencement of this action who by any contingency contained in a devise or grant, or otherwise could afterward become entitled to a beneficial estate or interest in the Subject Premises.

**WHEREFORE**, Windward Bora, LLC respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendants as follows:

1. Forever barring Defendant and every person or entity claiming under it from all claims to an estate or interest in the Subject Premises;
2. Directing the Richmond County Clerk to cancel and discharge of record the Disputed Mortgage;
3. Awarding Plaintiff Attorneys' Fees, Costs and Disbursements for this Action; and
4. For Such other relief as the Court deems just, equitable and proper.

Dated: New York, New York
       October 25, 2019

                                                */s/ Seth D. Weinberg*