UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
WINDWARD BORA, LLC,

              Plaintiff,

        -against-

THE BANK OF NEW YORK MELLON FKA
THE BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST 2007-
5CB, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-5CB,

              Defendant.
----------------------------------------------------------x

**MEMORANDUM AND ORDER**
19-CV-858 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

    Plaintiff brought this action under New York Real Property Actions and Proceedings Law ("RPAPL") § 1501(4) to cancel and discharge defendant's mortgage on a property in Staten Island, New York. Defendant moved to dismiss the complaint for failure to state a claim or, in the alternative, asked the Court to abstain from deciding the case under the *Colorado River* abstention doctrine. For the reasons set forth below, the Court declines to apply the *Colorado River* abstention doctrine but instead exercises its inherent powers to stay the proceedings. The Court also denies without prejudice defendant's Rule 12(b)(6) motion to dismiss.

## BACKGROUND

    The following factual allegations are taken from the Amended Complaint and documents incorporated in the Amended Complaint by reference. For the purposes of defendant's pending motion, I assume all factual allegations in the Amended Complaint are true.

    Plaintiff Windward Bora, LLC ("Windward Bora") is a limited liability company whose sole member is a citizen of Morocco. Am. Compl. ¶ 4 (Dkt. #14). Defendant Bank of New York

Mellon ("BNYM") is a bank headquartered in California. *Id.* ¶ 5. Plaintiff invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332.

In 2007, Madeline and Gerald Castiglione (the "Borrowers") executed a mortgage on the real property at 15 Von Braun Avenue in Staten Island, to secure a mortgage note that is currently assigned to BNYM. *Id.* ¶¶ 8, 11. The Borrowers subsequently executed a second mortgage on the property to secure repayment of another note, held by plaintiff. *Id.* ¶ 13.

After the Borrowers defaulted on the BNYM mortgage, BNYM initiated a foreclosure action on the property in 2008. *Id.* ¶ 15. BNYM won a judgment of foreclosure and sale. *See id.* ¶ 17. But the Richmond County Court determined that the Borrowers had not been properly served. *See id.* at Ex. I. The court dismissed the foreclosure action, vacated the judgment of foreclosure and sale, relieved the appointed referee, and canceled and discharged the filed notices of pendency. *Id.* ¶ 17. In 2018, BNYM filed a motion in the Richmond County Court to vacate the dismissal and reinstate the foreclosure action. *Id.* ¶ 18. The court denied the bank's motion. *Ibid.* BNYM filed an appeal from that denial, which is currently pending before the Appellate Division, Second Department. *See* Mem. of Law in Supp. Of Def.'s Mot. to Dismiss ("Def.'s Memo") at 3 (Dkt. #24-1); Braunstein Decl. in Supp. Of Def.'s Mot. to Dismiss ("Braunstein Decl.") at Exs. 1-2 (Dkts. #24-3, #24-4).

In 2018, after BNYM's foreclosure action was dismissed, plaintiff Windward Bora filed its own foreclosure action and won a judgment of foreclosure and sale with respect to 15 Von Braun Avenue. Am. Compl. ¶¶ 20-21, Ex. L. Windward Bora then prevailed as the highest bidder at the foreclosure sale, and the property was conveyed to Windward Bora. *Id.* ¶ 22, Ex. M.

Windward Bora brings this action to quiet title to the property under RPAPL § 1501(4). That section provides, in relevant part, that:

> Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person . . . to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom.

N.Y. Real. Prop. Acts. § 1501(4). The statute of limitations to foreclose on a mortgage in New York is six years. N.Y. CPLR § 213(4). Windward Bora argues that the statute of limitations began to run when BNYM commenced foreclosure proceedings against the property in 2008, accelerating the entire debt due under the mortgage. Am. Compl. ¶¶ 15-16. Accordingly, Windward Bora contends that the statute of limitations for BNYM to foreclose on its mortgage expired in 2014. *Id.* ¶ 19; *see id.* ¶¶ 24-40.

BNYM argues that Windward Bora's lawsuit should be dismissed for failure to state a claim because Section 1501(4) does not provide a cause of action to discharge a mortgage when the mortgage-holder filed a timely foreclosure action that remains pending. *See* Def.'s Memo 4-8. BYNM argues that it brought a foreclosure action in 2008, before the statute of limitations expired. While BNYM's foreclosure action was dismissed, BNYM notes that the Richmond County Court's refusal to vacate the dismissal is currently on appeal. Under these circumstances, BNYM argues, "the state court foreclosure action" is still "pending," and Section 1501(4) does not authorize a cause of action. *Id.* at 1. Alternatively, BNYM argues that this Court should

abstain from exercising jurisdiction over this case under the *Colorado River* abstention doctrine. *Id.* at 8-14.

## STANDARD OF REVIEW

A motion to dismiss based on the *Colorado River* abstention doctrine is assessed under the same standard as a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *United States v. Blake*, 942 F. Supp. 2d 285, 292 (E.D.N.Y. 2013) (citing *City of New York v. Milhelm Attea & Bros., Inc.*, 550 F. Supp. 2d 332, 341-42 (E.D.N.Y. 2008)). This standard is "essentially identical to the Fed. R. Civ. P. 12(b)(6) standard," *ibid.*, under which the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While a district court deciding a 12(b)(6) motion to dismiss for failure to state a claim ordinarily "must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference," *Schwartz v. Asplundth Tree Expert Co., Inc.*, 102 F.3d 660, 662 (2d Cir. 1996) (quotations omitted), "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings," *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted). Additionally, under either standard the court may take judicial notice of documents in the public record, including state court filings. *See Blue Tree Hotels Inv. (Canada), Ltd., v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).

## DISCUSSION

**I.**     ***Colorado River* Abstention Is Not Appropriate**

In *Colorado River Water Conservation District v. United States*, the Supreme Court expanded the doctrine of abstention by recognizing that there are circumstances when federal courts may, "for reasons of wise judicial administration," abstain from exercising jurisdiction "due to the presence of a concurrent state proceeding." 424 U.S. 800, 818 (1976). But such circumstances are strictly limited. There was "never a doctrine of equity that a federal court should exercise its judicial discretion to dismiss a suit merely because a State court could entertain it." *Id.* at 813-14 (quotations omitted). Accordingly, abstention is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Id.* at 813 (quotations omitted). But circumstances warranting abstention, "though exceptional, do nevertheless exist." *Id.* at 818.

A court deciding whether to abstain under *Colorado River* engages in a two-step inquiry. First, as a precondition to abstention, the court must determine that the state and federal proceedings are "parallel." *See Dittmer v. County of Suffolk*, 146 F.3d 113, 117-18 (2d Cir. 1998) (citation omitted). Two suits are parallel where the parties are "substantially the same, litigating substantially the same issues in both actions." *Royal and Sun Alliance Ins. Co. of Canada v. Century Intern. Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (citations omitted). While "[p]erfect symmetry of parties and issues is not required," *Sitgraves v. Fed. Home Loan Mortg. Co.*, 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017) (citation omitted), the two actions must be "essentially the same," *Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012). Accordingly, two actions are parallel when "there is a 'substantial likelihood' that the state court litigation will 'dispose of all of the claims presented in the federal case.'" *Kingsway Fin. Servs., Inc. v.*

5

*Pricewaterhousecoopers, LLP*, 420 F. Supp. 2d 228, 232 (S.D.N.Y. 2005) (quoting *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 593 (7th Cir. 2005)).

If the court determines that the state and federal proceedings are parallel, it then must assess the six *Colorado River* factors to decide whether abstention is warranted. These are (1) whether the controversy concerns a res over which one of the courts has already assumed jurisdiction; (2) whether the state or federal forum is more convenient for the parties; (3) whether staying or dismissing the action would avoid piecemeal litigation; (4) the order in which the two actions were filed and whether the proceedings have advanced further in one forum than the other; (5) whether state or federal law provides the rule of decision; and (6) whether state procedures are adequate to protect the plaintiff's federal rights. *See Woodford v. Community Action Agency of Green County, Inc.*, 239 F.3d 517, 522 (2d Cir. 2001) (internal citations omitted). In applying these factors, "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983). "Only the clearest of justifications will warrant dismissal." *Colorado River*, 424 U.S. at 819. Accordingly, "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it." *Woodford*, 239 F.3d at 522.

### A. The State and Federal Actions Are Parallel

The foreclosure dispute pending before the Appellate Division is parallel to this quiet title action. As explained above, two actions are parallel where the parties are "substantially the same, litigating substantially the same issues in both actions." *Royal and Sun Alliance Ins. Co. of Canada*, 466 F.3d at 94 (citation omitted). The defendant in this action, BNYM, is the plaintiff in the foreclosure action pending before the Appellate Division. *See* Braunstein Decl. ¶ 2; *id.* at Ex. 1. The plaintiff, Windward Bora, is a non-party respondent to the foreclosure appeal and is the successor-in-interest to one of the defendants named in that action. *See* Am. Compl. ¶ 13;

6

Braunstein Decl. at Ex. 1; *id.* at Ex. 2. The parties to both the state and federal proceedings are thus substantially the same. *See, e.g.*, *Credit-Based Asset Servicing and Securitization, LLC v. Lichtenfels*, 658 F. Supp. 2d 355, 359-60 (D. Conn. 2009) (finding parties were "substantially the same" for the purposes of *Colorado River* abstention where the federal plaintiff was the successor-in-interest to the state court defendant); *see also Canaday v. Koch*, 608 F. Supp. 1460, 1475 (S.D.N.Y. 1985) ("Where the interests of the [parties] in each of the suits are congruent, *Colorado River* abstention may be appropriate notwithstanding the nonidentity of the parties." (citation omitted)), *aff'd*, 768 F.2d 501 (2d Cir. 1985).

Additionally, both actions concern substantially the same issue: the enforceability of defendant's mortgage. *See Sitgraves*, 265 F. Supp. 3d at 413. While plaintiff argues that the cases are not parallel because the state foreclosure action seeks distinct relief from the federal quiet title action, the fact that different forms of relief are sought "does not defeat parallelism, where the underlying events remain identical." *Philips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 296-97 (S.D.N.Y. 2017) (citations omitted). Indeed, courts in this circuit routinely find parallelism where plaintiffs seek to enjoin foreclosure proceedings by filing novel claims in federal court. *See Roy v. Bank of New York Mellon*, No. 17-CV-6729, 2018 WL 4771898, at *5 (E.D.N.Y. Sept. 30, 2018) (collecting cases); *Krondes v. Nationstar Mortg., LLC*, No. 17-CV-4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018) (stating that "courts agree" *Colorado River* abstention may be warranted when litigants file "actions in district courts seeking . . . to enjoin an ongoing state foreclosure action based on alleged violations of federal and state law.").

Moreover, because defendant's foreclosure remains pending as a matter of New York law, *see Mizrahi v. U.S. Bank, N.A.*, 156 A.D.3d 617, 617 (2d Dep't 2017), adjudicating plaintiff's quiet title claim would require making a determination as to whether the state trial court erred in denying

7

defendant's motion to vacate the dismissal of that foreclosure. I cannot well conclude that defendant's mortgage should be "cancel[ed] and discharge[d] of record," and that plaintiff's interest in the property should be "adjudged . . . free therefrom," RPAPL § 1501(4), unless I determine that defendant's pending foreclosure on that mortgage is without merit, *see Nucci v. PHH Mortg. Co.*, 679 Fed. Appx. 48, 51 (2d Cir. 2017) (noting that a plaintiff asserting a quiet title claim must adequately plead" that "title to the subject property is *wrongfully encumbered.*" (quoting *Acocella v. Wells Fargo Bank, NA*, 139 A.D.3d 647, 649 (2d Dep't 2016)) (emphasis added)); *Acocella*, 139 A.D.3d at 649 (holding that a plaintiff can only maintain an equitable quiet title claim if they allege the existence of a *removable cloud* on the property . . . that is *actually invalid or inoperative*." (emphasis added)); *see also Carbone v. U.S. Bank Nat'l Assoc.*, 156 A.D.3d 678, 679 (2d Dep't 2017) (finding that quiet title action could not be maintained where defendant had won a valid judgment of foreclosure). Indeed, plaintiff implicitly acknowledges as much by arguing extensively in its opposition that the trial court was right to deny defendant's motion to vacate the dismissal of its foreclosure and that defendant's appeal of that denial is unlikely to be successful. *See* Pl.'s Mem. in Opp'n 9-10 (Dkt. #26). Plaintiff's quiet title claim thus cannot be decided without passing on the merits of the issues currently pending before the Appellate Division, rendering the two actions parallel. *See U.S. Bank Nat'l Assoc. v. East Fordham DE LLC*, 804 Fed. Appx. 106 (2d Cir. 2020) (finding actions parallel when the federal-court claims "cannot be resolved without also resolving the state-court claims").

Finally, the parallel nature of the suits is further established by the substantial likelihood that the state court's decision will dispose of Windward Bora's quiet title claim. *See Kingsway*, 420 F. Supp. 2d at 232 (S.D.N.Y. 2005) (quoting *TruServ Corp.*, 419 F.3d at 593). A decision from the Appellate Division allowing BNYM to reinstate its foreclosure action would likely

8

eliminate any "bona fide justiciable controversy" as to whether plaintiff's property is "wrongfully encumbered" by defendant's mortgage. *Acocella*, 139 A.D.3d at 649. On the other hand, if the Appellate Division affirms the trial court's denial order, BNYM's efforts to foreclose on its mortgage will likely be unsuccessful. In either scenario, plaintiff's quiet title claim will effectively be resolved. The substantial likelihood that the action pending before the Appellate Division will dispose of plaintiff's quiet title claim thus further supports finding these two actions parallel.

### B. The Colorado River Factors Do Not Favor Abstention

Having determined that the state and federal actions are parallel, I move to the second step of the *Colorado River* inquiry. At this step, six factors are applied to determine whether abstention is warranted. As stated above, because the assessment of these factors is "heavily weighted" in favor of the exercise of jurisdiction, *Moses H. Cone Memorial Hosp.*, 460 U.S. at 16, the "facial neutrality" of any given factor "is a basis for retaining jurisdiction, not for yielding it," *Woodford*, 239 F.3d at 522. In deciding whether to abstain, the court does not treat the factors as "a mechanical checklist." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 16. Rather, the analysis rests on "a careful balancing of the important factors as they apply in a given case." *Ibid.* Accordingly, "[t]he weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Ibid.*

#### 1. Jurisdiction Over a Res

The first factor is whether the controversy concerns a res over which one of the two courts has already assumed jurisdiction. "In cases where a court has custody of property, that is, proceedings *in rem* or *quasi in rem* . . . the state or federal court having custody of such property has *exclusive jurisdiction* to proceed." *F.D.I.C. v. Four Star Holdings Co.*, 178 F.3d 97, 122 (2d Cir. 1999) (quoting *Donovan v. City of Dallas*, 377 U.S. 408, 412 (1964)) (emphasis in *Four Stars*

9

*Holdings Co.*). A foreclosure action is an *in rem* proceeding. *Id.* at 102. Accordingly, defendant argues that the Appellate Division has exclusive jurisdiction over the property. Def.'s Memo at 11-12. However, because the trial court vacated defendant's foreclosure action without expressly retaining jurisdiction, *see* Am. Compl. Ex. I, that court surrendered jurisdiction over the property. *See Gustavia Home LLC v. VVS1 Corp.*, No. 17-CV-4330, 2019 WL 2527291, at *5 (E.D.N.Y. June 19, 2019), *aff'd,* 805 F. App'x 82 (2d Cir. 2020); *La Barbera v. J F H Mak Trucking*, No. 98-CV-7291, 2007 WL 1827833, at *3 (E.D.N.Y. June 22, 2007) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381-82 (1994)). Defendant has not cited any authority establishing that the Appellate Division acquired exclusive jurisdiction over the property on appeal. Nor does this Court have exclusive jurisdiction, because a quiet title action is not an *in rem* proceeding. *See Nevada v. United States*, 463 U.S. 110, 143-44 (1983) ("[Q]uiet title actions are *in personam* actions"); *Oneida Indian Nation of Wisconsin v. New York*, 732 F.2d 261, 265 (2d Cir. 1984) ("Ordinarily a judgment in . . . a quiet title action will not affect the interests of others than the parties or those in privity with them. Such actions do not operate *in rem* upon the land itself."). Since neither this Court nor the Appellate Division has exclusive jurisdiction over the property at issue in this case, this factor is neutral and thus favors exercising jurisdiction.

        **2.    Convenience**

The second *Colorado River* factor is whether the state or federal forum is more convenient for the parties. Both the Appellate Division, Second Department and this Court are located in Brooklyn, New York and are just a few blocks from each other. "Where the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." *Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir. 1999) (quotations omitted).

10

### 3. Piecemeal Litigation

The third *Colorado River* factor is whether staying or dismissing the action will avoid piecemeal litigation. In assessing this factor, courts in the Second Circuit bear in mind that "[t]here is no bar against parallel *in personam* actions proceeding in two or more courts." *Woodford*, 239 F.3d at 525; *see, e.g.*, *Buhannic v. Schroeder*, No. 18-CV-10170, 2019 WL 4735378, at *5 (S.D.N.Y. Sept. 27, 2019) (Ramos, J.), *appeal dismissed sub nom. Buhannic v. Tradingscreen Inc.*, No. 19-CV-3498, 2020 WL 6265085 (2d Cir. Apr. 30, 2020); *CVR Energy, Inc. v. Wachtell, Lipton, Rosen & Katz*, 14-CV-6566 RJS, 2014 WL 7399040, at *4 (S.D.N.Y. Dec. 29, 2014) (Sullivan, J.). The "primary context" in which *Colorado River* abstention has been invoked to avoid piecemeal litigation has been in suits "that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Niagara Mohawk Power Corp. v. Hudson River-Black Regulating Dist.*, 673 F.3d 84, 102 (2d Cir. 2012) (quoting *Woodford*, 239 F.3d 524).

Here, the third *Colorado River* factor weighs against abstention because collateral estoppel will be able to prevent inconsistent outcomes in the parallel actions. Collateral estoppel will preclude a federal court from deciding an issue if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (internal citation omitted). As explained above, the parallel actions here "actually and necessarily," *ibid.*, concern the enforceability of defendant's mortgage, *see supra* Section I.A. And in either action, the parties will have a "full and fair opportunity" to litigate the enforceability of defendant's mortgage. *McKithen*, 481 F.3d at 105. Therefore,

whenever a judgment is rendered in one of the parallel actions, that judgment will have preclusive effect in the second parallel action.

### 4. Order of the Actions and Relative Progress

The fourth factor is the order in which the two actions were filed and whether the proceedings have advanced further in one forum than the other. This factor supports abstention. While the instant quiet title action was filed a few weeks before defendant noticed its appeal of the trial court's denial order to the Appellate Division, the decision to abstain "[d]oes not rest on a race to the courthouse." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 211 (2d Cir. 1985). Rather, "this factor is considered in a common-sense manner by examining how much progress has been made in each forum." *Ibid.* (citing *Moses H. Cone Memorial Hosp.*, 460 U.S. at 21-22). The foreclosure dispute pending in state court was initiated over a decade ago and has gone through multiple rounds of decisions. It is currently awaiting further decision on appeal, whereas this action remains in pre-answer motion practice. As such, this dispute has advanced much further in state court than here, which weighs in favor of abstention. *Cf. Colorado River*, 424 U.S. at 820 (finding significant "the apparent absence of any proceedings in the District Court, other than the filing of the complaint, prior to the motion to dismiss").

### 5. Whether Federal Law Provides the Rule of Decision

The fifth factor is whether state or federal law provides the rule of decision. This factor weighs in favor of abstention. Plaintiff's quiet title action is asserted under New York real property law and does not pose or even implicate any federal law issues. While plaintiff argues that courts in this district are "well-versed" in the RPAPL, Pl.'s Mem. in Opp'n at 16, there can be no doubt that New York State courts have far more experience interpreting and applying its provisions, making them "particularly well suited to decide the issue[s]" presented by this case. *Sitgraves*,

265 F. Supp. 3d at 415; *see Arkwright-Boston*, 762 F.2d at 211 ("[I]f either forum is in a better position to sort out the issues presented by this case, it is the state court, as the case involves exclusively questions of local law."). Moreover, adjudicating this dispute requires much more than a mechanical application of the six-year statute of limitations to defendant's foreclosure action. Rather, as explained above, this case cannot be decided without passing on the state law issues presented in defendant's pending appeal. Those issues are complex—this is far from a "'garden variety' federal diversity suit applying well-settled state law principles." *Arkwright-Boston*, 762 F.2d at 211 (quoting *Giardina v. Fontana*, 733 F.2d 1047, 1051 (2d Cir. 1984)).

### 6. Adequacy of State Procedures to Protect Federal Rights

The sixth factor is whether state procedures are adequate to protect the plaintiff's federal rights. This factor does not favor abstention, because plaintiff has not mounted a credible argument that the procedures afforded by the New York State courts are insufficient to protect its rights. While plaintiff argues that it is being prejudiced by defendant's "egregious delays" and untimely filings, Pl.'s Mem. in Opp'n at 16-17, there is no reason why the state court cannot enforce its own rules against any practices that plaintiff finds objectionable. *See Sitgraves*, 265 F. Supp. 3d at 415. Similarly, plaintiff has offered no reason to believe that the Appellate Division is incapable of rendering a "complete and prompt resolution of the issues between the parties." *Niagara Mohawk*, 673 F.3d at 103 (quotations omitted). While it is true that this foreclosure dispute has been working its way through state court for years, it is dubious that a federal court could "unravel the various unsettled state law issues and fashion appropriate relief more easily and quickly than the state system can rule on its own law." *Canaday*, 608 F. Supp. at 1475. Because plaintiff has not shown that state procedures are inadequate, this factor does not favor abstention. But because "this factor

13

is significant only if it militates in favor of federal jurisdiction," *Zemsky v. City of New York*, 821 F.2d 148, 153 (2d Cir.1987), I do not assign it much weight in the *Colorado River* analysis.

\* \* \*

In sum, four of the *Colorado River* factors are neutral, and thus favor retaining the case, and two of the factors favor abstention. Of course, the decision whether to abstain "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case." *Niagara Mohawk*, 673 F.3d at 104 (internal quotation marks omitted). Nevertheless, the Court remains bound by the "virtually unflagging obligation" to exercise jurisdiction, *Colorado River*, 424 U.S. at 817, and concludes that the *Colorado River* factors— "heavily weighted in favor of the exercise of jurisdiction," *Niagara Mohawk*, 673 F.3d at 100— do not support abstention here. Although this approach will undoubtedly result in two courts considering the same legal issues at the same time, duplicative litigation, by itself, does not justify abstention under *Colorado River*. *See Woodford*, 239 F.3d at 522 ("[G]enerally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." (quoting *Colorado River*, 424 U.S. at 817)). Accordingly, defendant's motion for *Colorado River* abstention is denied.

## II. A Discretionary Stay Is Appropriate

Even when a court does not abstain under *Colorado River*, it may, "in the exercise of its discretion," "stay[] proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." *Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981) (internal citations omitted); *see, e.g.*, *Glenclova Inv. Co. v. Trans-Res., Inc.*, 874 F. Supp. 2d 292, 313–14 (S.D.N.Y. 2012)

14

(declining to abstain under *Colorado River* but granting a discretionary stay); *Chartis Seguros Mexico, S.A. de C.V. v. HLI Rail & Rigging, LLC*, No. 11-CV-3238, 2011 WL 13261585, at *2 (S.D.N.Y. Nov. 3, 2011) (same); *cf. Carmona v. Loma Negra Compania Indus. Argentina Sociedad Anonima*, No. 18-CV-11323, 2019 WL 3783328, at *2-3 (S.D.N.Y. Aug. 9, 2019) (recognizing, but declining to exercise, the right to grant a discretionary stay after denying a motion to abstain under *Colorado River*). When deciding whether to stay a proceeding, courts commonly weigh seven factors: "(1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as the result of the stay." *De Carvalhosa v. Lindgren*, 546 F. Supp. 228, 230 (S.D.N.Y. 1982); *see, e.g.*, *Furman v. Rich*, No. 19-CV-2748 (EK) (JO), 2020 WL 3975469, at *9 (E.D.N.Y. July 14, 2020) (quoting *De Carvalhosa*); *Chartis*, 2011 WL 13261585, at *2 (same).

After considering all of these factors, I find that a discretionary stay is appropriate. The interests of comity and judicial efficiency are particularly weighty here. The parties are disputing complex questions of New York law, on which state courts have particular expertise. And their foreclosure dispute has already been the subject of litigation for years in state court—a convenient forum that is capable of providing adequate relief. Expending federal judicial resources on parallel quiet-title litigation would be inefficient. The state courts' expertise and the long-running nature of the state litigation militate strongly in favor of staying federal proceedings pending resolution of the parties' state dispute. In the event that the state court does not resolve plaintiff's claim within six months, either party may request that the stay be lifted. In light of the stay, defendant's

Rule 12(b)(6) motion to dismiss is denied at this time, without prejudice to renewal once the stay is lifted.

## CONCLUSION

For the reasons set forth above, the Court declines to apply the *Colorado River* abstention doctrine. Nevertheless, the Court exercises its inherent powers to grant a discretionary stay of the proceedings pending the resolution of the parallel state court proceeding. Defendant's Rule 12(b)(6) motion to dismiss is denied without prejudice and may be renewed if the stay is lifted.

SO ORDERED.

                                             /s/ Rachel Kovner
                                             RACHEL P. KOVNER
                                             United States District Judge

Dated: Brooklyn, New York
       November 30, 2020